JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 09-00145-SGL(CTx)                                              Date:  February 10, 2009

Title:       THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF ALTERNATIVE LOAN TRUST 2007-HY3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY3 -v- SALVADOR ALCIDES RAMOS, ET AL.
=======================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Cindy Sasse                                             None Present
            Courtroom Deputy                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                  None present

PROCEEDINGS:     ORDER SUMMARILY REMANDING MATTER TO STATE COURT

     The Court has received and reviewed defendant's January 21, 2009, notice of removal, seeking to remove to this Court an unlawful detainer action filed by plaintiff in Riverside County Superior Court.  In the notice, defendant argued that this Court has subject matter jurisdiction over the unlawful detainer action because in his answer to the claim he asserted as a defense that plaintiff had violated the Truth-In-Lending Act and the Real Estate Settlement Procedures Act. (Notice Removal at 2 ¶ 6).  The problem with that argument is that the lodging of a federal defense to a state law claim in state court does not serve to transform the plaintiff's claim as one arising under federal law; it is the character of the claim being pressed by the plaintiff, not a defense interposed by a defendant, that is critical in determining whether removal is appropriate.  "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987); <u>see</u> also <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 12 (1983).

     The Court thereafter on January 27, 2009, filed an Order to Show Cause identifying the

ED CV 09-00145-SGL(CTx)
THE BANK OF NEW YORK AS TRUSTEE FOR THE BENEFIT OF ALTERNATIVE LOAN TRUST 2007-HY3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HY3 v SALVADOR ALCIDES RAMOS, ET AL.
MINUTE ORDER of February 10, 2009

jurisdictional problem identified above and giving defendant seven days to show "why this case should not be remanded to state court." The Order to Show Cause also warned defendant that his failure to file a response within the allotted time would result in the matter being summarily remanded to state court for lack of prosecution. The time for defendant to file a response to the Order to Show Cause has passed and no response was filed by defendant.

  Accordingly, the Court hereby summarily **REMANDS** the instant matter to the Riverside County Superior Court.

  IT IS SO ORDERED.